UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KIRKLAND KNIGHTSBRIDGE, LLC,   No. 06-10628

                Debtor(s).
_____/

Memorandum re Sale of Wine
_____

      This matter comes before the court with considerable history. It centers around wine belonging to plaintiff 360 Viansa, LLC, a limited liability company winery wholly owned by 360 Global, LLC. The wine was delivered to defendant and Chapter 11 debtor Kirkland Knightsbridge, LLC, pursuant to a written bottling agreement whereby Kirkland would bottle the wine for Viansa.

      The court was perplexed by this case from the outset due to the completely divergent representations made by the parties. Viansa argued that its position that it had paid in full for the bottling services was so irrefutable that the court should immediately and summarily grant injunctive relief ordering Kirkland to turn over its wine. Kirkland, with equal vigor, argued that it had a lien on the wine for both unpaid services and damages due from 360 Global and that the total it was due far exceeded the value of the wine. Seeing no way to make any interim orders, and time appearing to be of the essence, the court set the matter for expedited trial.

      After trial, the court determined that Viansa's claims had no basis in fact. It dismissed Viansa's

1

complaint for turnover of the wine and lifted a preliminary injunction against Kirkland prohibiting it from exercising any lien rights against the wine.

Counsel for Kirkland had represented to counsel for Viansa that he would give notice before Kirkland attempted to dispose of the wine. For that reason, and because § 363(b) of the Bankruptcy Code requires notice and a hearing for sales out of the ordinary course of business, Kirkland filed a "Motion for Authority to Conduct Article 9 Private Sales of Collateral Assets."

As Kirkland acknowledges, the motion was filed mainly in an abundance of caution and in order to give Viansa the promised notice rather than for any compelling legal reason. The sale is governed by the Uniform Commercial Code, which does not require court approval. Since the wine to be sold is not property of the estate but rather property of Viansa in which Kirkland asserts lien rights, § 363(b) does not apply.

Not surprisingly, Viansa has objected to the motion. It has been joined by a new face in this case, Laurus Master Fund, Ltd., which argues that its security interest in the wine which is senior to that of Kirkland.

Laurus has made some arguments which have merit and some that cannot be given weight due to lack of standing. It is perfectly proper for Laurus to vigorously assert its alleged lien rights. However, it has no standing to argue that the sale is not in the best interests of the bankruptcy estate because it is not a creditor in that case and has no interest in maximizing the bankruptcy estate. Thus, to the extent the court makes no order prejudicing its lien rights, it lacks standing.

Moreover, it is clear that the Kirkland bankruptcy estate has a compelling need to liquidate its lien rights, as its operations had been bankrolled by Viansa pursuant to an agreement which has now been terminated, leaving Kirkland on its own to fund its ongoing business. While it may not be in the best interests of Viansa or Laurus for the wine to be sold, it is definitely in the bankruptcy estate's best interests.

Viansa and Luarus argue that the motion should first adjudicate the rights of the parties before allowing Kirkland to proceed. The main problem with this argument is that FRBP 7001(2) requires that any dispute over the validity, priority and extent of any lien must be adjudicated in an adversary proceeding. A motion to sell is not the proper forum to raise these issues. To the extent that Viansa and Laurel have a right

to stop the sale pending adjudication of their claims, that right should be asserted in either an adversary proceeding or a state court proceeding.[1]

It is apparent that significant rights are alleged by the parties which must be adjudicated. However, this is not the proper forum for such adjudication, both because it is not an adversary proceeding and because all of the rights asserted involve ordinary commercial law, not bankruptcy law.

The court treats Kirkland's motion as a motion for leave to dispose of Viansa's wine *to the extent it has a right to do so* and will accordingly grant the motion, making it clear that it is not adjudicating whether Kirkland has any such rights. The objections of Viansa and Luarus will be overruled, preserving all of their rights for adjudication in an appropriate forum. The court will stay its order for 15 days in the naive hope that the parties may yet find a way to resolve their differences.

Dated: February 9, 2007

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] An adversary proceeding to determine Viansa's rights is pending in this court. The court has shortened time for Laurus to seek relief from the automatic stay to bring a state court action.

3